IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIANCA WILLIAMS,<br><br>　　　　PLAINTIFF,<br>v.<br><br>SUNSHINE THERAPY CLUB, INC.<br><br>　and<br><br>ROBERT HALF OF PENNSYLVANIA, INC., d/b/a ROBERT HALF<br><br>　　　　DEFENDANTS. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Bianca Williams, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages, liquidated damages, and other relief on behalf of Plaintiff Bianca Williams (hereinafter "Ms. Williams" or "Plaintiff"), a former employee of Sunshine Therapy Club, Inc. ("STC") and Robert Half of Pennsylvania, Inc. d/b/a Robert Half ("Robert Half") (collectively, "Defendants").

2. Ms. Williams has been harmed by Defendants' discrimination on the basis of her sex and pregnancy and retaliation for her having sought maternity leave.

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

4. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

5. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

7. All conditions precedent to the institution of this suit have been fulfilled. On October 1, 2018, Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), which dual-filed as a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On December 15, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to Ms. Williams' PHRA claims, it has been more than one year since Plaintiff filed her Complaint with the PHRC.

## VENUE

8. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

9. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with the claims took place in this judicial district, Plaintiff

performed her work for Defendants in this district, and Plaintiff was terminated by Defendants in this judicial district.

## PARTIES

10. Plaintiff Bianca Williams is an adult female citizen and resident of Philadelphia, Pennsylvania and the United States of America.

11. Defendant STC is a pediatric therapy provider with a corporate office located at 410 W Township Line Road, Suite 4, Havertown, Pennsylvania 19083.

12. Defendant Robert Half is a specialized staffing agency with locations throughout the United States, including a location in Philadelphia, Pennsylvania, through which Plaintiff was employed.

13. At all relevant times, Defendants each are and have been employers employing more than 15 employees.

14. Defendants do significant business within the Commonwealth of Pennsylvania.

15. At all relevant times, employees of Defendants acted as agents and servants for Defendants.

16. At all relevant times, employees of Defendants were acting within the scope of their authority and in the course of employment under the direct control of Defendants.

17. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

18. At all times relevant hereto, Defendants each are and have been an "employer" and/or "person" within the meaning of the laws at issue in this matter and are accordingly subject to the provisions of said laws.

19. At all relevant times hereto, Plaintiff Bianca Williams was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

20. This Honorable Court has jurisdiction over Defendants.

## FACTS

21. Ms. Williams was placed by Defendant Robert Half to work as a Billing Administrative Specialist for STC beginning on March 20, 2018.

22. During her employment with Defendants, Ms. Williams performed her duties in an excellent manner.

23. Despite her loyalty and consistent performance, Ms. Williams was subjected to discrimination on the basis of her sex and pregnancy and was retaliated against for seeking maternity leave.

24. On or about March 23, 2018, Ms. Williams informed her supervisor at STC, Jamika [LNU], that she was pregnant.

25. Jamika asked Ms. Williams if she had notified the temp agency of her pregnancy.

26. Jamika also questioned Ms. Williams about her due date and when she expected to go out on maternity leave.

27. Ms. Williams indicated that she expected to work until her due date and would then seek maternity leave.

28. During Ms. Williams' time at STC, Jamika frequently complained about problems with productivity that were caused by the fact that a number of STC employees were out on maternity leave and indicated her frustration with employees taking maternity leave.

29. Jamika also relayed to Ms. Williams that T.J. Shirdan, Founder and President of STC, had also made comments and complained regarding employees taking maternity leave at STC.

30. Indeed, Jamika told Ms. Williams that Ms. Shirdan had commented that, "we have too many employees out on maternity leave."

31. STC management further stated that, because so many employees were out on maternity leave, their totals were low, and they were going to have to hire new staff.

32. Less than two weeks after notifying STC of her pregnancy, and eventual need for maternity leave, Ms. Williams was notified by Robert Half that her employment was terminated.

33. The reasons provided to Ms. Williams for her termination were that she was asking too many questions about how to perform her job and that she was not proficient using Microsoft Excel.

34. These reasons given for Ms. Williams' termination were false and were pretext for discrimination on the basis of Ms. Williams' sex and pregnancy.

35. In fact, Ms. Williams was more than proficient in Microsoft Excel, as she had consistently used Excel at her previous place of employment and, further, had taught her trainer at STC new ways to use Excel.

36. To the extent that Ms. Williams had asked certain questions in the first weeks of her employment, she merely wanted to confirm that she was completing her work correctly, particularly since she was a new employee.

37. Moreover, during Ms. Williams' employment at STC, STC was experiencing technical issues with their database that hindered Ms. Williams' ability to learn and work, and STC had apologized to Ms. Williams for such difficulties.

38. The timing of Ms. Williams' termination, coupled with the negative comments made by Ms. Williams' supervisor and T.J. Shirdan, is unusually suggestive of discrimination on the basis of sex and pregnancy.

39. Defendants discriminated and retaliated against Ms. Williams on the basis of her sex and pregnancy in violation of Title VII and the Pennsylvania Human Relations Act.

40. Ms. Williams has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendants.

41. Defendants' agents and employees involved in discriminating and retaliating against Ms. Williams all acted with the intent of causing, or in reckless disregard of the probability, that their actions would cause Ms. Williams severe emotional distress.

42. Ms. Williams has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of pursuing this action, as a direct and proximate result of the actions and inactions of Defendants.

**COUNT I**
**Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act**

43. Plaintiff Bianca Williams repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

44. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

45. In discriminating against Ms. Williams because of her sex and pregnancy, and in retaliating against Ms. Williams for seeking maternity leave, Defendants violated Title VII.

46. Defendants' violations were intentional and willful.

47. Defendants' violations warrant the imposition of punitive damages.

48. As a direct result of the unlawful employment practices engaged in by Defendants, Plaintiff Bianca Williams has sustained a loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
**Pennsylvania Human Relations Act, 29 U.S.C. § 2611, <u>et seq</u>.**

49. Plaintiff Bianca Williams repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

50. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of the PHRA.

51. In discriminating against Ms. Williams because of her sex and her pregnancy, and in retaliating against Ms. Williams for seeking maternity leave, Defendants violated the PHRA.

52. Defendants' violations were intentional and willful.

53. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendants, Plaintiff Bianca Williams has sustained a loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem,

7

loss of earning power, back-pay, front-pay, interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

54. Plaintiff Bianca Williams repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Bianca Williams respectfully requests that this Court enter judgment in her favor and against Defendants and Order:

a. Appropriate equitable relief;

b. Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to wrongful termination, unlawful discrimination and retaliation;

c. Defendants to pay Plaintiff punitive damages;

d. Defendants to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

e. Defendants to pay Plaintiff's costs of bringing this action and her attorneys' fees;

f. Plaintiff be granted any and all other remedies available pursuant to Title VII and the PHRA; and

g. Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

                                                                */s/ Christopher A. Macey, Jr.*
                                                                Christopher A. Macey, Jr., Esquire
                                                                Bell & Bell LLP
                                                                One Penn Center
                                                                1617 JFK Blvd. – Suite 1254
                                                                Philadelphia, PA  19103

                                                                *Attorneys for Plaintiff Bianca Williams*

Dated:  March 12, 2021